CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 31, 2019

LETTER TO THE PARTIES

  RE: *Liza H. v. Commissioner, Social Security Administration*;
     Civil No. SAG-18-3553

Dear Plaintiff and Counsel:

  On November 19, 2018, Plaintiff Liza H. petitioned this Court to review the Social Security Administration's ("SSA") final decision determining the amount of overpayment for which she is liable. ECF 1. I have considered the SSA's motion for summary judgment, and Plaintiff's response. ECF 14, 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). I note that, according to the documentation in the transcript, Plaintiff's case will now proceed at the SSA, as it considers the merits of her claim that the overpayment should be waived.

  Plaintiff received a notice of disability award on November 8, 2008, indicating that she had been found disabled as of November 2, 2004.[1] Tr. 27-33. By the time Plaintiff received the award of benefits, she had already commenced work activity triggering the start of her nine-month trial work period. Tr. 19. Plaintiff completed her trial work period in March, 2008, months before she was even granted benefits. *Id.* She continued to perform substantial gainful activity ("SGA"), and taking into account her grace period comprised of the month her disability ended and the two subsequent months, she was not entitled to receive benefits from July 2008 through December 2008. Tr. 20-23. On April 1, 2011, the SSA notified Plaintiff that she had been overpaid $6,319.20 in benefits for July, 2008-December, 2008. Tr. 34-40.

  Plaintiff did not perform SGA in 2009 or 2010, and, thus, her benefits were reinstated during that time frame because she was within her 36-month extended period of eligibility.[2] Tr. 20-23. In January, 2011, Plaintiff resumed performing SGA, and continued to perform SGA until after the expiration of her extended period of eligibility in April, 2011. Tr. 23. On May 10, 2014,

---

[1] Although Plaintiff's application for benefits does not appear in the file, the ALJ's opinion indicates that she filed her application on August 18, 2005. Tr. 5. She did not receive her award until more than three years later.

[2] During an extended period of eligibility, a claimant can receive benefits for any month in which SGA is not performed. 20 C.F.R. § 404.1592a.

the claimant was notified that she had been overpaid $45,327.80 during the period from April, 2011 to April, 2014. *See* Tr. 41-45.

In response to that notice, Plaintiff filed a request for waiver, arguing that she was part of the ticket to work program, the SSA knew of her work activity, and that she was not at fault for the overpayment. Tr. 47-54. In that same time frame, Plaintiff filed a request for reconsideration of the overpayment decision, making several of the same arguments. Tr. 55. The reconsideration request was processed first, and on March 29, 2015, the SSA issued an unfavorable reconsideration determination affirming the fact and amount of the overpayment. Tr. 57-62. The waiver request remained pending. On April 13, 2015, Plaintiff timely filed a request for hearing before an Administrative Law Judge ("ALJ"). Tr. 63.

On January 31, 2017, the ALJ held a hearing, Tr. 134-41, and subsequently issued a written decision finding an overpayment of $46,206.90, and further finding waiver to be inappropriate because Plaintiff was at fault for the overpayment. Tr. 14-17. Plaintiff appealed the ALJ's ruling to the Appeals Council ("AC"). Tr. 127. The AC vacated the ALJ's determination as it pertained to the issue of waiver, because Plaintiff's waiver request has not yet been processed on the initial or reconsideration levels by the SSA. Tr. 4-7. The AC affirmed the ALJ's finding that Plaintiff is liable for an overpayment in the amount of $46,206.90. *Id.* Plaintiff timely appealed the AC's decision to this Court. ECF 1.

An overpayment is defined as "the difference between the amount paid to the beneficiary and the amount of the payment to which the beneficiary was actually entitled." 20 C.F.R. § 404.504. When an overpayment occurs, the SSA will adjust any benefit payments due to an overpaid claimant, or recover the funds by, for example, requiring the claimant to refund the overpayment. *See* 42 U.S.C. § 404(a)(1)(A).

To determine the amount Plaintiff had been overpaid, the AC adopted the calculations of the SSA in its Analysis of Title II overpayment activity. Tr. 80-86. Those calculations addressed the periods in which Plaintiff was entitled to receive payments, and those in which she was not, because she was performing SGA. Tr. 85. The AC found, in accordance with those calculations, that Plaintiff was not entitled to payments from July 2008 to December 2008, and from April 2011 through April 2014, and that the total amount of the overpayments during those time frames was $46,206.90. Tr. 6.

Plaintiff's arguments focus on the issue of whether she should have to repay the overpayment, based on her current health conditions, the information she was and was not provided by the SSA, the fact that she was approved for benefits for the first time while she was already employed, and the fact that her financial circumstances do not permit repayment of the overpayment.[3] ECF 16. The SSA is prohibited from recovering an overpayment where: (1) the

---

[3] Plaintiff also argues that she was a participant in the Ticket to Work program. ECF 16. Under the Ticket to Work program, a beneficiary can assign her ticket to an employment network or State vocational rehabilitation agency. 20 C.F.R. § 411.120. The SSA will then pay the participating employment network or State agency for providing employment services, vocational rehabilitation services, or other support services to the beneficiary. *Id.* The AC found that while Plaintiff had been issued a ticket in December 2008, the records showed that the "work program was not properly in use during the overpayment periods." Tr. 6.

2

overpaid individual is without fault and; (2) recovery would defeat the purpose of Title II of the Act, or be "against equity and good conscience." 42 U.S.C. § 404(b)(1); *Garnett v. Sullivan*, 905 F.2d 778, 781 (4th Cir. 1990). In determining whether an individual is without fault, the SSA will consider all pertinent circumstances, including any physical, mental, educational, or linguistic limitations the individual might have. *See* 42 U.S.C. § 404(b)(2); 20 C.F.R. § 404.507.

The SSA regulations provide that what constitutes fault on the part of the overpaid individual depends upon whether the facts show that the overpayment resulted from:

> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) Failure to furnish information which he knew or should have known to be material; or (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507. The overpaid individual bears the burden of demonstrating that she is without fault, and that repayment would be inequitable, or would defeat the purposes of the Act. *Gatewood v. Astrue*, Civil No. JKS-08-1744, 2011 WL 939027, at *2 (D. Md. Mar. 16, 2011) (citing *Valente v. Sec'y of HHS*, 733 F.2d 1037, 1042 (2d Cir. 1984); *Harrison v. Heckler*, 746 F.2d 480, 482 (9th Cir. 1984)). Even when the SSA has some culpability in making the overpayment, the overpaid individual is still liable for repayment if the individual is not without fault. *See* 20 C.F.R. § 404.507.

The issue of whether the SSA is entitled to recover the overpayment in Plaintiff's case, or should waive the overpayment, is not yet properly presented to this Court. This Court only has jurisdiction to address an issue once Plaintiff has exhausted her administrative remedies, and Plaintiff's request for waiver of the overpayment has not yet been addressed by the SSA. Tr. 6. Upon the issuance of this opinion, if it has not already, the SSA will process Plaintiff's August 7, 2014 waiver request. If waiver is denied, Plaintiff will be entitled to the same administrative process already followed for the overpayment claim, including reconsideration, a hearing before an ALJ, and a decision by the AC. Only after that procedure has been completed could this Court consider the merits of Plaintiff's waiver arguments. Accordingly, with respect to the very limited issue presented in this case, I find that the AC's decision affirming the calculation of the overpayment amount of $46,206.90 is supported by substantial evidence.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF 14, is GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge